ON MOTION TO ENFORCE MANDATE

GRIFFIN, J.
Appellant, Stephen R. Watson [‘Watson”], has filed a motion to enforce this Court’s mandate issued pursuant to an opinion of this Court issued in 1981. Watson v. State, 392 So.2d 60 (Fla. 5th DCA 1981). In 1980, Watson had entered a plea and was sentenced on two counts: (I) first degree felony murder, for which he received a life sentence with a minimum mandatory of twenty-five years, and (II) the underlying felony of armed robbery, for which he received a concurrent twenty-five year sentence. On appeal, this Court held that Watson could not be convicted and sentenced both for felony murder and the underlying felony, and we -vacated the judgment and sentence for armed robbery. In 2006, Watson filed a rule 3.850 motion to vacate the judgment on Count I, but that motion was denied and affirmed on appeal.
The crux of the current motion is that Watson now claims to be entitled to resen-tencing as the result of the 1981 vacating of the judgment and sentence on Count II, armed robbery. We deny the motion because the 1981 opinion of this Court and the ensuing mandate vacating the armed robbery conviction were self-executing; without more, the conviction and sentence were eliminated. This Court did not reverse and remand for resentencing because none was required. Our opinion did not affect the conviction and sentence on Count I. Indeed, it was the fact of the conviction and sentence on Count I that, under principles of double jeopardy, required the conviction and sentence on Count II to be vacated.
Motion to enforce mandate DENIED.
EVANDER and BERGER, JJ., concur.